UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES B. WHITSETT, SR.,<br><br>    Plaintiff,<br><br>v.<br><br>CORECIVIC, INC.,<br><br>    Defendant. | Case No. 3:17-cv-01049<br><br>Judge Trauger<br>Magistrate Judge Newbern |

To:      The Honorable Aleta A. Trauger, District Judge

## **REPORT AND RECOMMENDATION**

By order entered July 28, 2017, the Court referred this action to the Magistrate Judge under 28 U.S.C. §§ 636(b)(1) to dispose or recommend disposition of pretrial motions. (Doc. No. 3, PageID# 10.)

This case has been pending on the Court's docket with no action taken by Plaintiff Charles B. Whitsett, Sr., since he filed a letter requesting a certificate of service form on December 13, 2017. (Doc. No. 17.) Because Whitsett did not respond to the Court's October 4, 2018 order to show cause why this case should not be dismissed for his failure to prosecute, the Magistrate Judge RECOMMENDS that it be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) and this Court's Local Rule 41.01(a).

### I.      Factual and Procedural Background

Whitsett, appearing pro se, filed this lawsuit under 42 U.S.C. § 1983 against Defendant CoreCivic, Inc., on July 18, 2017, while he was incarcerated at the Metro Detention Facility in Nashville, Tennessee. (Doc. No. 1.) Whitsett alleges that he "put in sick call after sick call about

a broken tooth[] and infection for over 90 days" and that CoreCivic denied him treatment because the facility's dental equipment was broken and the dentist was not present. (*Id.* at PageID# 1.) Whitsett states that he had still not received medical care as of the date he filed the complaint. (*Id.*) He seeks $150,000.00 for pain and suffering. (*Id.*)

Whitsett filed several motions after initiating this lawsuit. Before CoreCivic's summons had been returned executed, Whitsett filed a motion for entry of default, which the Clerk of Court denied. (Doc. Nos. 9, 11.) On August 14, 2017, Whitsett filed a motion to present evidence, a motion for a trial date, and a motion to subpoena records. (Doc. Nos. 6–8.) The Court denied those motions as premature, noting that CoreCivic had been served but had not yet appeared or responded to Whitsett's complaint. (Doc. No. 14.) On December 7, 2017, Whitsett filed another motion to set a trial date, which the Court denied. (Doc. Nos. 15, 16.) The Court informed Whitsett that a scheduling order would enter after CoreCivic appeared. (Doc. No. 16.) A week later, Whitsett filed a letter requesting that the Court send him certificate of service forms, which the Court did. (Doc. No. 17.)

On October 4, 2018, finding that Whitsett had not filed anything since his December 2017 letter, the Court ordered him to show cause by October 25, 2018 why his lawsuit should not be dismissed for failure to prosecute. (Doc. No. 18, PageID# 44–45.) The Court noted that CoreCivic had not appeared, despite having been served on August 28, 2017, but that Whitsett had not moved for entry of default under Federal Rule of Civil Procedure 55. (*Id.* at PageID# 45.) Whitsett was warned that his failure to respond might lead to dismissal of his case. (*Id.* at PageID# 45.) Whitsett has not responded to the Court's order.

## II. Legal Standard

Federal Rule of Civil Procedure 41(b) states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41(b) does not abrogate the power of courts, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) ("[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a *sua sponte* order of dismissal") (citing *Link*, 370 U.S. at 626 Consistent with *Link*, this Court's Local Rule 41.01(a) authorizes the Court to summarily dismiss a civil suit that has "been pending for an unreasonable period of time without any action having been taken by any party . . . ." M.D. Tenn. R. 41.01(a) (dismissal for unreasonable delay). Dismissal under the Local Rule shall be without prejudice to refiling of the action or a motion to set aside the dismissal for just cause. *Id.*

In determining whether dismissal under Rule 41(b) is appropriate, the Court considers four factors: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Carpenter v. City of Flint*, 723 F.3d 700, 703–04 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 590 (6th Cir. 2011)). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits "[u]nless the dismissal order states otherwise." Fed. R. Civ. P. 41(b). The Sixth Circuit has cautioned that dismissal with prejudice is a "harsh sanction" that should only apply in extreme situations where there is a "clear record of delay or contumacious

conduct by the plaintiff." *Carter*, 636 F.2d at 161. Dismissal without prejudice is "a comparatively lenient sanction" for which the "controlling standards should be greatly relaxed because the dismissed party is ultimately not irrevocably deprived of his day in court." *Muncy v. G.C.R. Inc.*, 110 F. App'x 552, 556 n.4 (6th Cir. 2004).

**III.     Analysis**

Dismissal of this action is appropriate under Rule 41(b) and Local Rule 41.01(a). Although there is no evidence that Whitsett's failure to prosecute his lawsuit has been motivated by bad faith, he is "at fault for failing to comply with the Court's Orders." *Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017). Whitsett ignored the Court's October 4, 2018 order that he show cause by October 25, 2018, why his lawsuit should not be dismissed for failure to prosecute, despite being warned that his failure to respond would likely lead to dismissal. (Doc. No. 18, PageID# 45.) Further, Whitsett has not filed anything in this case in almost a year, which amounts an unreasonable delay under Local Rule 41.01(a). M.D. Tenn. R. 41.01(a) (dismissal for unreasonable delay).

The less-drastic sanction of dismissal without prejudice is appropriate. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *Mulbah*, 261 F.3d at 591. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Mulbah*, 261 F.3d at 591 (noting that the four-factor test is applied "more stringently where the conduct of a plaintiff's attorney is the reason for dismissal").

**IV.     Recommendation**

Given the lack of activity in this case since December 13, 2017, and Whitsett's failure to respond to the Court's order, the Magistrate Judge RECOMMENDS that this lawsuit be DISMISSED WITHOUT PREJUDICE under Federal Rule 41(b) and Local Rule 41.01(a).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 30th day of October, 2018.

.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge